IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Case No. 08-cv-01794-LTB-KLM

STEVE A. CASTRO,

    Plaintiff,

v.

QWEST COMMUNICATIONS INTERNATIONAL, INC., a Delaware corporation;
QWEST DISABILITY PLAN, an employee welfare benefit plan;
QWEST DISABILITY SERVICES;
QWEST DISABILITY SERVICES APPEALS BOARD; and
QWEST EMPLOYEE BENEFITS COMMITTEE,

    Defendants.

_____

ORDER
_____

This case is before me on Plaintiff's Motion to Reopen Closed Case and Motion for Order Enforcing Terms of Settlement Agreement [Doc # 25]. After consideration of the motion, Defendants' response, Plaintiff's reply, and the case file, I grant the motion and interpret the subject provision of the parties' settlement agreement as set forth below.

**I. Background**

Plaintiff filed this case seeking disability benefits from Defendants. The parties settled the case pursuant to a settlement agreement dated April 20, 2009 (the "Settlement Agreement"), and the case was administratively closed on September 2, 2009 pursuant to D.C. Colo. L. Civ. R. 41.2.

Paragraph 3 of the Settlement Agreement provides, in part, that the parties agree to the following:

(A) A neutral physician, board certified in internal medicine and/or physical medicine and rehabilitation, will be selected by mutual agreement of the parties.

(B) **The selected physician will conduct a physical examination of Plaintiff as well as a records examination of medical records pertaining to Plaintiff prior to September 1, 2006 and to date as determined to be appropriate by the neutral physician.** Plaintiff will make Doctor Brian Aiken available to the selected physician for information gathering purposes.

(C) The purpose of the examination and evaluation of medical records will be to answer the following questions:

> (1) Based upon the evidence and review and conversations with treating physicians and rehabilitation providers, was Plaintiff disabled on September 1, 2006?
>
> (2) Is Plaintiff disabled as of the date of the physical examination by the selected physician?

(D) For purposes of the disability determination, the following definition will be applied: "After a Participant has received LTD Benefits for twelve months, Disability means the Participant is unable to engage in any occupation or employment, which inability is supported by Objective Medical Documentation, or may reasonably become qualified for by training, education or experience other than a job that pays less than 60% of his Base Pay at the time the Participant terminates employment due to the Disability." For the purpose of applying this definition, Plaintiff's Base Pay at the time of termination of employment was $4,383.00 per month. 60% of that is $2,630.80 per month. Therefore, in order to meet the definition of Disability, he must be unable to earn at least $2,630.80 per month.

(Emphasis added).

The parties have selected Dr. David L. Orgel to conduct the physical and records examination provided for in the Settlement Agreement but disagree as to what documents should be provided to Dr. Orgel for the records examination. Plaintiff argues that the Settlement Agreement's reference to "medical records" precludes Dr. Orgel's review of administrative records including documents reflecting Defendants' rationale for denying Plaintiff's request for

disability benefits while Defendants argue that the phrase "medical records" should be interpreted to include prior evaluations of Plaintiff's disability status if Dr. Orgel deems review of such documents appropriate.

## II. Analysis

As a preliminary matter, I note that Defendants do not dispute that there is good cause to reopen this case as required by D.C. Colo. L. Civ. R. 41.2. I agree that Plaintiff has demonstrated "good cause" and therefore grant Plaintiff's motion to reopen this case to enforce the terms of the parties' Settlement Agreement.

Turning to the subject terms of the Settlement Agreement, I agree that use of the term "medical records" limits the type of documents to be reviewed by Dr. Orgel. As noted by Plaintiff, unambiguous terms in a contract are to be interpreted according to their plain, ordinary, and popular meaning. *Resort Car Rental Sys., Inc. v. Chuck Ruwart Chevrolet, Inc.,* 519 F.2d 317, 320 (10th Cir. 1975). Applying this principle, I conclude that the term "medical records" refers to records of Plaintiff's medical history and treatment and does not include prior evaluations of Plaintiff's disability status by Defendants and the Social Security Administration. The Settlement Agreement's qualification that Dr. Orgel will review those "medical" records "as determined to be appropriate by [him]" does not expand the scope of Dr. Orgel's review beyond records relating to Plaintiff's medical history and treatment.

IT IS THEREFORE ORDERED that

1. Plaintiff's Motion to Reopen Closed Case and Motion for Order Enforcing Terms of Settlement Agreement [Doc #25] is GRANTED;

2. The parties shall provide Dr. Orgel with records of Plaintiff's medical history and treatment but not records relating to prior evaluations of Plaintiff's disability status by Defendants and the Social Security Administration; and

3. The parties shall notify the Court within 30 days of the date of this Order if they are unable to agree on the form of letter to be jointly sent to Dr. Orgel.


Dated: July   9  , 2010 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE